## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SETH CROFT, | ) | CASE NO. 4:09CV3185 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Seth Croft's ("Croft") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (Filing No. 10), Brief in Support of his Answer (Filing No. 9), State Court Records (Filing No. 8) and a Reply Brief (Filing No. 15). Croft filed a Brief on the merits of his Petition (Filing No. 14) and Supplemental Brief (Filing No. 16). This matter is therefore deemed fully submitted.[1]

Liberally construed, Croft states that he is entitled to a writ of habeas corpus because:

Claim One[2]:    Petitioner was deprived due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial attorney (1) failed to seek recusal of the judge, (2) failed to seek recusal of the prosecutor, (3) failed to report the misconduct of the prosecutor, (4) failed to investigate the extent of harm caused by the prosecutor's illegal activities; and (5) interfered with Petitioner's ability to receive a fair trial.

Claim Two:    The prosecution committed prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments *because* the prosecution tampered with witnesses in order to obtain testimony favorable to the prosecution.

---

[1] Also pending before the court is Croft's Motion for Additional State Court Records. (Filing No. 11.) In this Motion, Croft requests affidavits that were already included in the State Court Records filed by Respondent. (*See* Filing No. 12.) Therefore, Croft's Motion is denied as moot.

[2] Claim One of this Memorandum and Order contains the claims set forth in the Petition as Grounds One and Four. (Filing No. 1 at CM/ECF pp. 5, 10.)

Claim Three:      Petitioner's guilty plea was coerced in violation of the Sixth and Fourteenth Amendments.

Claim Four:      Petitioner was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's appellate counsel did not (1) argue that Petitioner's trial counsel was ineffective, (2) argue that the prosecution committed prosecutorial misconduct, (3) argue that Petitioner's plea was involuntary, and (4) address any of the issues raised in Petitioner's Motion for Post-Conviction Relief.

Claim Five:      Petitioner is actually innocent.

(Filing No. 7 at CM/ECF pp. 1-2.)

## *BACKGROUND*

### I.    Croft's Conviction and Direct Appeal

On March 16, 2007, Croft plead guilty to one count of burglary, one count of strangulation and one count of terroristic threats. (Filing No. 8-13, Attach. 13 at CM/ECF p. 4.) Croft was thereafter sentenced to consecutive prison terms of 5 to 10 years for burglary, 20 months to 5 years for strangulation and 20 months to 5 years for terroristic threats. (*Id.* at CM/ECF p. 5.) On June 4, 2007, Croft appealed his conviction and sentence. (Filing No. 8-2, Attach. 2 at CM/ECF p. 1.) On appeal, Croft argued that the District Court for Sarpy County, Nebraska ("Sarpy County District Court") erred in accepting his plea because there was no factual basis for the plea and that his sentence was excessive. (Filing No. 8-13, Attach. 13 at CM/ECF p. 5.) The Nebraska Court of Appeals summarily affirmed his conviction and sentence on March 3, 2008. (*Id.*) The mandate was issued on April 10, 2008. (Filing No. 8-1, Attach. 1 at CM/ECF p. 2.)

### II.    Croft's Post-Conviction Motion and Appeal

On November 5, 2008, Croft filed a "Motion to Vacate or Set Aside Sentence and Conviction" ("Post-Conviction Motion") in the Sarpy County District Court. (Filing No. 8-13,

Attach. 13 at CM/ECF p. 5; Filing 8-8, Attach. 8 at CM/ECF pp. 35-59.)  The Sarpy County
District Court denied Croft's Post-Conviction Motion and Croft filed a timely appeal.  (Filing
No. 8-13, Attach. 13 at CM/ECF p. 10; Filing No. 8-8, Attach. 8 at CM/ECF pp. 1, 73-77.)
Liberally construed, Croft raised Claims Two, Three, Four and Five in his Post-Conviction
Motion and appeal.  (Filing No. 8-8, Attach. 8 at CM/ECF pp. 35-59; Filing No. 8-10, Attach.
10 at CM/ECF pp. 1-27.)

On July 14, 2009, the Nebraska Court of Appeals affirmed the Sarpy County District
Court's denial of Croft's Post-Conviction Motion.[3]  (Filing No. 8-7, Attach. 7 at CM/ECF p.
2; Filing No. 8-13, Attach. 13 at CM/ECF pp. 3-22.)  Croft then filed a petition for further
review in the Nebraska Supreme Court.  (Filing No. 8-14, Attach. 14 at CM/ECF p. 1.)  On
August 26, 2009, the Nebraska Supreme Court denied Croft's Petition for Further Review.
(Filing No. 8-15, Attach. 15 at CM/ECF p. 1; Filing No. 8-7, Attach. 7 at CM/ECF p. 2.)  The
mandate was issued on September 11, 2009.  (Filing No. 8-7, Attach. 7 at CM/ECF p. 2.)

On August 31, 2009, Croft filed his Petition for Writ of Habeas Corpus ("Petition")
in this court.  (Filing No. 1.)  Thereafter, Respondent filed his Answer (Filing No. 10) and
a Brief in Support (Filing No. 9).  In his Brief, Respondent argues that Croft's claims are
either procedurally defaulted, or that the state court reasonably applied federal law, and
therefore, no federal habeas corpus relief is available.  (Filing No. 9.)  Croft argues the
merits of his claims and asserts that he is actually innocent.  (Filing Nos. 14 and 16.)

---

[3]Where necessary, further details of the Nebraska Court of Appeals' opinion denying
post-conviction relief are set forth below.

3

*ANALYSIS*

For clarity, the court will analyze Croft's Claim Four first and then address his remaining claims.

**I.     Claim Four**

*A.     Standard of Review*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399.  Importantly, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d

951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See* Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

      B.   *The* Strickland *Standard*

In addition to the general standard of review set forth above, a claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also* Bryson v. United States, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also* Hubbeling v. United States, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough

investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra, at 473, 127 S. Ct. 1933*. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

*Knowles,* 129 S. Ct. at 1420.

C.      *State Court Findings–Claim Four*

In his Claim Four, Croft alleges he was denied effective assistance of appellate counsel because his appellate counsel did not (1) argue that his trial counsel was ineffective, (2) argue that the prosecution committed prosecutorial misconduct, (3) argue that his plea was involuntary, or (4) address any of the issues raised in his Post-Conviction Motion.  (Filing No. 7 at CM/ECF p. 2.)  Croft raised this claim in his Post-Conviction Motion, however, the Nebraska Court of Appeals analyzed it under *Strickland* and rejected it.  (Filing No. 8-13, Attach. 13 at CM/ECF pp. 18-19.)  The court specifically concluded that although Croft alleged that the prosecutor committed misconduct, he did not allege that his trial or appellate counsel knew of the misconduct.  (*Id*.)  In addition, the court determined that Croft failed to allege facts to show that his trial counsel's advice to accept the plea fell below the acceptable range of competence for criminal defense attorneys.  (*Id*.)  In other words, because Croft's trial counsel was not ineffective, Croft's appellate counsel was not ineffective for failing to bring an ineffective assistance of trial counsel claim.  (*Id*.)

    *D.*    *Deference*

As set forth above, this court must give Nebraska state court decisions substantial deference.  After carefully reviewing the record in this matter, the court  finds that the Nebraska Court of Appeals' decision to deny Croft's ineffective assistance of appellate counsel claim was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Moreover, Croft has not submitted clear and convincing evidence to establish that the Nebraska Court of Appeals was incorrect in any of its factual or legal determinations.  28 U.S.C. § 2254(e)(1).  Because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decisions, Croft is not entitled to a writ of habeas corpus on Claim Four.

II.     **Remaining Claims**

     *A.     Standards for Exhaustion/Procedural Default*

     As set forth in 28 U.S.C. § 2254(b)(1):

     (1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

          (A)     the applicant has exhausted the remedies available in the courts of the State; or

          (B)     (I)     there is an absence of available State corrective process; or

               (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

     The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been  presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

8

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances,

9

where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minn.*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n.1.

      B.    *Claim One*

In Claim One, Croft alleges that he was denied the effective assistance of trial counsel because his trial counsel (1) failed to seek recusal of the judge, (2) failed to seek recusal of the prosecutor, (3) failed to report the misconduct of the prosecutor, (4) failed to investigate the extent of harm caused by the prosecutor's illegal activities, and (5) interfered with Croft's ability to receive a fair trial. (Filing No. 7 at CM/ECF p. 1.) Because Croft was represented both at trial and on direct appeal by attorneys employed by the same public defender's office, his first opportunity to raise an ineffective assistance of trial

counsel claim was in a motion for post-conviction relief.  *See State v. Jones*, 650 N.W.2d 798, 804 (Neb. 2002).  For the reasons discussed below, Croft's Claim One is procedurally defaulted.

First, Croft never presented Parts Four and Five of Claim One to a Nebraska state court and he is now barred from doing so because he cannot submit a second motion for post-conviction relief where, as here, the basis for relief was clearly available at the time that he filed his first Post-Conviction Motion.  *See Ortiz*, 670 N.W.2d at 792.  Thus, Parts Four and Five of Claim One are procedurally defaulted.

Second, although Croft arguably raised Parts One, Two and Three of Claim One in his Post-Conviction Motion appeal, the Nebraska Court of Appeals refused to address these claims because Croft failed to raise them *in* his Post-Conviction Motion.  (Filing No. 8-10, Attach. 10 at CM/ECF pp. 15, 21-22; Filing No. 8-13, Attach. 13 at CM/ECF pp. 13, 15.)  Under Nebraska law, "an appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief."  *See State v. Cady*, 628 N.W.2d 251, 260 (Neb. 2001).  Because the Nebraska Court of Appeals issued a "plain statement" rejecting Parts One, Two and Three of Croft's Claim One on an independent and adequate state procedural ground, Parts One, Two and Three of Claim One are also procedurally defaulted.  *Shaddy,* 890 F.2d at 1018.

C.    *Claims Two & Three*

In Claim Two, Croft alleges that the prosecutor engaged in misconduct by influencing witness testimony.  (Filing No. 7 at CM/ECF pp. 1-2.)  And in Claim Three, Croft

alleges that his guilty plea was involuntary because it was coerced.   (*Id.*)  Croft raised both of these claims in his Post-Conviction Motion and in his appeal of the Sarpy County District Court's denial of his Post-Conviction Motion.  (Filing No. 8-8, Attach. 8 at CM/ECF p. 75; Filing No. 8-10, Attach. 10 at CM/ECF pp. 17-21.)

In reviewing these claims on Croft's Post-Conviction Motion appeal, the Nebraska Court of Appeals rejected Claim Two and Claim Three because they both could have been raised on direct appeal.  (Filing No. 8-13, Attach. 13 at CM/ECF pp. 14-15.)   Under Nebraska law, a "motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall*, 646 N.W.2d 5 at 579;  *See also Akins v. Kenney*, 410 F.3d 451, 455-56 n.1 (8th Cir. 2005).  Because the Nebraska Court of Appeals issued a "plain statement" rejecting Claims Two and Three on independent and adequate state procedural grounds, Claims Two and Three are procedurally defaulted.  *Shaddy*, 890 F.2d at 1018.

In sum, Claims One, Two and Three of Croft's Petition are procedurally defaulted and this court is precluded from reviewing them absent a showing of cause and prejudice or actual innocence.  *Clemons v. Luebbers*, 381 F.3d 744, 751 (8th Cir. 2004).

D.      *Cause and Prejudice & Claim Five*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default

must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also* *Bell v. Attorney Gen. of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

Croft does not argue that he, or his counsel, were impeded from complying with Nebraska's procedural rules.  Rather, in Claim Five, Croft asserts that he is actually innocent and that his plea was coerced.  (Filing No. 7 at CM/ECF p. 2.)  To the extent Croft argues that this court should consider the merits of his procedurally defaulted claims because he is actually innocent of crimes he plead guilty to, his argument is misplaced.[4] "Once judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1295 (1992). Thus, the court liberally construes Croft's actual-innocence argument as an argument in support of his Claim Four-Part Three; that Croft was denied the effective assistance of appellate counsel because his appellate counsel did not argue that his plea was involuntary.  (Filing No. 7 at CM/ECF p. 2.) *see also* *Fields*, 956 F.2d at 1298 ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea.")

As discussed above, the  Nebraska Court of Appeals' decision to deny Croft's Claim Four was not "based on an unreasonable determination of the facts in light of the evidence

---

[4]Actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Indeed, during Croft's plea he stated that he was not induced to plead by a promise or threat and that he was pleading guilty both freely and voluntarily. (Filing No. 8-3, Attach. 3 at CM/ECF pp. 36-37.) In light of these findings, Croft's Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1.   Petitioner Seth Croft's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice;

2.   A separate judgment will be entered in accordance with this Memorandum and Order; and

3.   Croft's Motion for Additional State Court Records (Filing No. 11) is denied as moot.

DATED this 21st day of April, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.